STATE vs. EVAN B. ROSENKRANS.

MARCH 9, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Constitutional Law. Practice of Dentistry. Police Power.*

Follows State v. Rosenkrans, 30 R. I. 374.

INDICTMENT. Heard on certification on constitutional questions.

DUBOIS, C. J. This is an indictment wherein the defendant is charged with practicing dentistry in Providence, in this State, from the first day of January, in 1906, continuously until the second day of December, 1907, without first having been registered with the board of registration in dentistry in this State, and without having received a certificate from said board and without having passed a satisfactory examination, with reference to his knowledge and skill in dentistry, before said board, and without having complied with the provisions of Gen. Laws, cap. 155, and the amendments thereto.

The defendant, on arraignment thereon, pleaded not guilty and gave bail, and afterwards was permitted to file the following motion to quash the indictment:

"And now comes the above named defendant by his attorney George S. Engle, and appears specially for the purpose of moving to quash the indictment found by the grand jury, against the defendant upon the following grounds, to wit:

"First: That the indictment found by the Grand Jury against the defendant does not show, state or allege that any offence against the people of the State of Rhode Island had been committed by the defendant in pursuing his profession as a dentist.

"Second: The indictment does not show or allege that said defendant is incompetent or unqualified to pursue his profession as a dentist in the State of Rhode Island, and asks that this issue of law be certified to the Supreme Court."

The motion to quash, having been heard by a justice of the

Superior Court, was denied, and the defendant excepted to such ruling in denial of his motion. Subsequently the Superior Court decided that certain constitutional questions were raised by said motion and should be transmitted and certified to this court, whereupon the constitutional questions were duly certified, as appears from the following certificate:

"State of Rhode Island, &c.
Providence, Sc.

"Office of the Clerk of the Superior Court,

"Providence, August 12, A. D. 1909.

"Indictment—State
  *v.*                    Indictment No. 5793.
"Evan B. Rosenkrans.

" I hereby certify that in the above entitled case the constitutionality of section 4 and of section 6 of chapter 155 of the General Laws; also of section 1 of chapter 470 of the Public Law passed May 21, 1897, amending section 4 of chapter 155 of the General Laws; also of section 1 of chapter 1457 of the Public Laws passed April 23, 1907, amending section 6 of chapter 155 of the General Laws has been brought in question in the trial of said case in said Superior Court by a motion that the complaint in said case be quashed and dismissed, and that it has been ordered by said court that the following constitutional questions raised as aforesaid together with a record of the case be certified and transmitted forthwith to the Supreme Court, for decision:—

" ' 1.   Are said sections of said acts of the General Assembly as above set forth and referred to, unconstitutional and void, in this, that they conflict with section 10 of Article 1 of the Constitution of the State of Rhode Island and with section 1 of article 14 of the amendments to the Constitution of the United States?

" ' 2.   Are said sections of said acts of the General Assembly as above set forth and referred to, unconstitutional and void, in this, that they conflict with article 3 and with sections 1 and 2 of article 4 of the Constitution of the State of Rhode Island, vesting all legislative power in the General Assembly, whereas

in and by the said sections of said acts of the General Assembly legislative power is granted to an examining board, thus allowing the examiners to make any law they please as to the requisite qualifications for the practice of dentistry, limited only by the will of the examiners and which is an unlawful delegation of the legislative power to said board of examiners?

" ' 3.   Are said sections of said acts of the General Assembly as above set forth and referred to, unconstitutional and void, in this, that they conflict with section 2 of article 4 of the Constitution of the United States in that they deny to citizens of another State coming into this State, the privileges and immunities of citizens of this State in this State?

" ' 4.   Are said sections of said acts of the General Assembly as above set forth and referred to, unconstitutional and void, in this, that they conflict with article 4 of the Constitution of the United States, because the executive branch of the government encroaches upon the legislative branch thereof, by the exercise of legislative power?

" ' 5.   Are said sections of said acts of the General Assembly as above set forth and referred to, unconstitutional and void, because they conflict with section 1 of article 4 of the Constitution of the United States, in that they deny to each and every state the full faith and credit required to be given to the public acts of such states?

" ' 6.   Are said sections of said acts of the General Assembly as above set forth and referred to, unconstitutional and void, because they conflict with the preamble to the Constitution of the United States, in that they ignore comity between the States?

" ' 7.   Are said sections of said acts of the General Assembly as above set forth and referred to, unconstitutional and void, because they conflict with section 9 of article 1 of the Constitution of the United States, in that they make it a crime for a dentist with established qualifications to continue to practice dentistry when it was not a crime to do so before the passage of said acts?

" ' 8.   Are said sections of said acts of the General Assembly as above set forth and referred to, unconstitutional and void, because they conflict with section 1 of article 14 of the amend-

ments to the Constitution of the United States in that the State of Rhode Island may thereby deprive the defendant of his liberty and property without due process of law?"

"WALTER S. REYNOLDS, *Clerk.*"

For the reasons contained in the opinion heretofore rendered in *State* v. *Rosenkrans*, 30 R. I., p. 374, the constitutional questions raised are severally answered in the negative; and the papers in the cause, with our decision certified thereon, are remitted to the Superior Court for further proceedings.

*Henry W. Greenough, Assistant Attorney General,* for State.
*Percy W. Gardner,* for Board of Registration in Dentistry.
*George S. Engle,* for defendant.
*Amasa M. Eaton,* of counsel.